02-11-384-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-11-00384-CR

 

 


 
 
 Phillip Damone Jackson
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM THE 30th
District Court OF Wichita COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

          Phillip
Damone Jackson attempts to appeal his 2007 conviction and sentence for
aggravated assault.  We dismiss for want of jurisdiction.

          On
June 11, 2004, Jackson was placed on deferred adjudication community
supervision for an aggravated assault committed on September 27, 2003. 
Subsequently, the State moved the trial court to proceed with an adjudication
of Jackson’s guilt and revoke his community supervision.  The trial court
granted the State’s motion, and on August 31, 2007, sentenced Jackson to twelve
years in prison.

          On
August 10, 2011, Jackson filed an out-of-time motion for new trial, which the
trial court denied.  On September 9, 2011, we received a letter from Jackson
indicating that he wished to appeal from the trial court’s denial of his out-of-time
motion for new trial.  We replied with a letter advising Jackson that we have
no jurisdiction to review the trial court’s denial of an out-of-time motion for
new trial and invited Jackson or any party to file a response showing grounds
for continuing an appeal.  Jackson then filed a motion to continue the appeal
with a cover letter stating that although he stated in his notice of appeal
that he was attempting to appeal the denial of his motion for new trial, what
he really meant was that he was attempting to appeal his judgment and
conviction.

          Jurisdiction
is vested in this court by a timely filed notice of appeal.  Slaton v. State,
981 S.W.2d 208, 210 (Tex. Crim. App. 1998); Olivo v. State, 918 S.W.2d 519,
522 (Tex. Crim. App. 1996).  A defendant’s notice of appeal is timely if filed within
thirty days after sentence is imposed or suspended in open court, or after the
day the trial court enters an appealable order, or within ninety days after the
day sentence is imposed or suspended in open court if the defendant timely
files a motion for new trial.  Tex. R. App. P.  26.2.  By its title, “Out-of-Time
Motion for New Trial,” Jackson concedes that his motion for new trial was
untimely.  Indeed, Jackson filed this motion for new trial in August 2011, almost
four years after the judgment from which he says he wishes to appeal, which was
entered on August 31, 2007.  He filed his notice of appeal in September 2011.  Because
Jackson’s untimely notice of appeal does not invoke our jurisdiction, we dismiss
the appeal for want of jurisdiction.

 

 

 

LEE GABRIEL
JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; DAUPHINOT and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  October 27, 2011








 









[1]See Tex. R. App. P. 47.4.